IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Z.B., an adult individual,** : | CIVIL ACTION NO. 1:20-CV-1989 |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **ALTERNATIVE REHABILITATION COMMUNITIES d/b/a HERBERT A. SCHAFFNER YOUTH CENTER; GARY HURST, II, individually and in his official capacity as counselor at the Herbert A. Schaffner Youth Center; THE COUNTY OF DAUPHIN; and LEON WILKERSON, in his official capacity as director at the Herbert A. Schaffner Youth Center,** : | |
| Defendants : | |

## ORDER

AND NOW, this 31st day of March, 2023, upon consideration of the motion (Doc. 23) to dismiss filed by defendants Alternative Rehabilitation Communities d/b/a Herbert A. Schaffner Youth Center and Leon Wilkerson (collectively "ARC defendants"), wherein ARC defendants request the court dismiss plaintiff Z.B.'s complaint (Doc. 1) on the grounds Z.B. has not properly identified herself in her pleadings as required by Federal Rules of Civil Procedure 10(a) and 17(a)(1) and has not obtained the court's permission to proceed anonymously, (see Doc. 24 at 2-3, 15), and the court noting Z.B., who is presently an adult, alleges she was the victim of sexual assault while a minor detained at a juvenile detention facility operated by ARC defendants, (see Doc. 1), and now brings an action claiming, *inter alia*, ARC defendants deprived her of her constitutional rights pursuant to 42 U.S.C. § 1983,

(see id.), and the court observing whether to grant permission to proceed anonymously is committed to the court's discretion, see Doe v. Megless, 654 F.3d 404, 407 (3d Cir. 2011) (citing Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008)), and our court of appeals permits anonymous pleading when plaintiffs show "a fear of severe harm," "the fear of severe harm is reasonable," and this reasonable fear "outweighs the public's interest in open litigation," see id. at 408-09 (citation omitted), and suggests courts, when assessing whether to grant a motion to proceed anonymously, consider certain factors related to the reasons for the plaintiff's fear, the nature of the action, and the public interest in open litigation,[1] and further observing that courts in our circuit regularly allow victims of

---

[1] Our court of appeals identifies the following factors as supporting anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to [their] refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409 (citation omitted).  Factors disfavoring anonymity are

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the

sexual assault to proceed anonymously, see, e.g., Doe v. Evans, 202 F.R.D. 173, 175-77 (E.D. Pa. 2001); Doe v. Princeton Univ., No. 19-7853, 2019 WL 5587327, at *4, 6 (D.N.J. Oct. 30, 2019); Doe v. Trishul Consultancy, LLC, No. 18-16468, 2019 WL 4750078, at *6 (D.N.J. Sept. 30, 2019), and the court further observing Z.B. requests the court construe her opposition as a motion for leave to proceed anonymously, (see Doc. 59 at 9), and the court finding Z.B.'s status as a survivor of sexual assault as a minor carries with it an acute social stigma likely to cause irreparable psychological and emotional harm to Z.B. should her status become publicly known, see Megless, 654 F.3d at 410 (citation omitted), and that protecting the identity of victims of sexual assault, especially as minors, serves the public interest, see, e.g., K.W. v. Holtzapple, 299 F.R.D. 438, 442 (M.D. Pa. 2014); Trishul Consultancy, 2019 WL 4750078, at *5 (quoting Holtzapple, 299 F.R.D. at 442); Princeton Univ., 2019 WL 5587327, at *4 (citing Evans, 202 F.R.D. at 176), and the court further finding Z.B.'s identity has thus far been concealed from the general public, (see Doc. 59 at 7), and her proceeding anonymously will not impede litigation or inconvenience the parties,[2] and that considerations related to open litigation provide only marginal support for requiring public disclosure of Z.B.'s

---

> public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (citation omitted). Our decision reflects consideration of all salient factors implicated *sub judice*.

[2] Z.B.'s identity is known to at least the ARC defendants. (See Doc. 24 at 11 & n.2). Z.B. also proffers in her complaint she intends to reveal her identity during confidential discovery. (See Doc. 1 ¶ 1 n.1).

3

identity, and the court concluding, after considering all relevant factors, Z.B.'s reasonable fear of severe harm, in these circumstances, outweighs the public's interest in open litigation,[3] it is hereby ORDERED that:

1. Z.B.'s opposition (Doc. 59) is construed as a motion for leave to proceed anonymously and is GRANTED as so construed.

2. ARC defendant's motion (Doc. 23) to dismiss is DENIED without prejudice to ARC defendants raising the motion again, if appropriate, at a future procedural juncture.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[3] ARC defendants argue Z.B.'s failure to seek leave to proceed anonymously at the time she filed her complaint is a jurisdictional defect, cursorily invoking a decision by the Tenth Circuit Court of Appeals. (See Doc. 24 at 8 (citing W.N.J. v. Yocom, 257 F.3d 1171 (10th Cir. 2001)). As defendants note, there is a split of authority regarding whether such failure is jurisdictional and, if so, whether it can be cured by *nunc pro tunc* motion. See Plaintiff Doctor v. Hosp. Serv. Dist. #3, No. 18-7945, 2019 WL 351492, at *2 (E.D. La. Jan. 29, 2019) (collecting cases). ARC defendants fail to engage in any meaningful analysis with respect to whether and why this should be treated as a jurisdictional issue under our circuit's precedent. We therefore decline to adopt ARC defendants' invitation to dismiss Z.B.'s complaint for lack of personal jurisdiction.